**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | | |
|---|---|---|---|
| NIMA SEYED KHAMOUSH, *et al.*, | : | | |
| | : | | |
| Plaintiffs, | : | Civil Action No.: | 21-1239 (RC) |
| | : | | |
| v. | : | Re Document No.: | 8 |
| | : | | |
| ALEJANDRO MAYORKAS, Secretary, | : | | |
| Department of Homeland Security, *et al.*, | : | | |
| | : | | |
| Defendants. | : | | |

**MEMORANDUM OPINION**

**GRANTING DEFENDANTS' MOTION TO TRANSFER AND EXTEND**

**I. INTRODUCTION**

Nima Seyed Khamoush (Khamoush) and Samira Jahangirzadeharekhlou (Jahangirzadeharekhlou) (collectively, "Plaintiffs") have brought a complaint against three government officials (collectively, "Defendants") alleging failure to adjudicate Plaintiff Khamoush's Form I-130, Petition for Alien Relative ("Petition"), within a reasonable period of time under 5 U.S.C. § 555(b) and delaying a decision beyond Congress's 180-day guideline for immigration benefits under 8 U.S.C. § 1571.  Compl. ¶¶ 30, 34, ECF No. 1.  Additionally, Plaintiffs allege that "Defendants have violated the Administrative Procedure[] Act, 5 U.S.C. § 701 et seq.," by "unlawfully withholding action on Khamoush's Petition."  Compl. ¶ 37. Pending before the Court is Defendants' motion to transfer this action to the Western District of Louisiana ("Transferee District") and to extend time to otherwise respond to the Complaint until 21 days after the action is docketed in the Transferee District, or October 19, 2021—the current deadline for Defendants' response to the Complaint.  Defs.' Consent Mot. Transfer & Mem.

Supp. Thereof ("Consent Mot.") at 1, ECF No. 8. For the reasons below, the Court grants the motion.

## II. FACTUAL BACKGROUND

Plaintiff Khamoush resides in Shreveport, Louisiana—located in the Transferee District—and "seeks to compel the United States to take action on an immigration application" for Jahangirzadeharekhlou, Khamoush's spouse who lives in Iran. Consent Mot. at 1. This application is currently pending at the U.S. Citizenship and Immigration Services ("USCIS") Vermont Services Center (the "USCIS Service Center") located in Essex Junction, Vermont. *Id.*

## III. ANALYSIS

### A. Motion to Transfer Venue

#### 1. Legal Standard

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." 28 U.S.C. § 1404(a). Section 1404(a) "is intended to place discretion in the district courts to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 23 (1988). The moving party "bears the burden of persuasion" in demonstrating that a transfer under § 1404(a) is appropriate by making two showings: that the action could have been brought in the transferee district, and that the public and private interests favor transfer. *Ctr. for Env't Sci., Accuracy & Reliability v. Nat'l Park Serv.*, 75 F. Supp. 3d 353, 356 (D.D.C. 2014).

#### 2. This Action Could Have Been Brought in the Western District of Louisiana

First, movant must demonstrate that "the proposed transferee district is one where the action 'might have been brought.'" *Id.* (quoting 28 U.S.C. § 1404(a)). In actions that raise a

federal question by naming a federal agency or a United States official in his or her official capacity as a defendant, venue is proper in any judicial district where: "(1) a defendant in the action resides; (2) a substantial part of the events or omissions giving rise to the claim occurred or a substantial part of the property that is subject of the action is situated; or (3) a plaintiff resides if no real property is involved in the action." *Id.* (citing 28 U.S.C. §1391(e)(1)) (internal quotations omitted). Here, Khamoush resides in the Transferee District, and therefore, "this case might have been brought in that district." Consent Mot. at 2 (internal quotations omitted).

    3. Transfer Aides the Convenience of the Parties and Functions in the Interest of Justice

Next, Defendants must demonstrate that "considerations of convenience and the interest of justice weigh in favor of transfer to that district." *Blackhawk Consulting, LLC v. Fed. Nat'l Mortg. Ass'n*, 975 F. Supp. 2d 57, 59 (D.D.C. 2013). In determining whether such considerations have been sufficiently demonstrated, a court may weigh both "private- and public-interest factors." *Id.* Courts consider six private-interest factors, including: "(1) the plaintiff's choice of forum; (2) the defendant's preferred forum; (3) the location where the claim arose; (4) the convenience of the parties; (5) the convenience of the witnesses; and (6) ease of access to sources of proof." *Id.* at 60. The public-interest factors include: "(1) the transferee's familiarity with the governing law; (2) the relative congestion of the courts of the transferor and potential transferee; and (3) the local interest in deciding local controversies at home." *Id.* (internal quotations omitted).

First, as Plaintiffs do not reside in the District of Columbia and both parties agree that no relevant factual events occurred in this district, "[t]his factor…provides little if any support for maintaining venue in the District of Columbia." Consent Mot. at 3 (quoting *Bourdon v. United States Dep't of Homeland Sec.*, 235 F. Supp. 3d 298, 305 (D.D.C. 2017)). As Defendants seek

transfer of this action to Plaintiff Khamoush's home district, it cannot be said that Plaintiff Khamoush could "reasonably claim to be inconvenienced by litigating in [his] home forum." Consent Mot. at 3 (quoting *Wolfram Alpha LLC v. Cuccinelli*, 490 F. Supp. 3d 324, 333 (D.D.C. 2020)). Moreover, both parties stipulate "at least some relevant witnesses (e.g., the domestic Plaintiff) are located in the Transferee District." Consent Mot. at 4. The private interest factors thus favor transfer.

The public interest likewise weighs in favor of transfer. As the impacts of this action will overwhelmingly be felt in the Transferee District, its courts have a clear interest in resolving the dispute. Consent Mot. at 4 (citing *Pres. Soc. of Charleston v. U.S. Army Corps of Eng'rs*, 893 F. Supp. 2d 49, 58 (D.D.C. 2012)); *see also S. Utah Wilderness All. v. Norton*, 315 F. Supp. 2d 82, 89 (D.D.C. 2004) (noting that a forum had a clear interest in resolving disputes where the alleged consequences of an action would be most particularly felt). Finally, there is no reason to believe the Transferee District is unfamiliar with federal immigration law, nor that it is any more congested than this district. Consent Mot. at 4–5 (citing *W. Watersheds Project v. Pool*, 942 F. Supp. 2d 93, 101 (D.D.C. 2013)). As set forth above, after balancing the relevant factors and finding that transfer aides the convenience of the parties and witnesses and functions in the interest of justice, the Court grants transfer of this action to the Transferee District.

### B. The Motion to Extend Time to Respond

In general, "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time." Fed. R. Civ. P. 6(b)(1). Upon transfer, this matter will be handled by another Assistant United States Attorney in the Transferee District, who will require time to familiarize themself with the case. Consent Mot. at 5. Therefore, the Court grants the

motion and Defendants' time to respond to the Complaint is extended through 21 days after this action is docketed in the Transferee District.

## IV. CONCLUSION

For the foregoing reasons, Defendants' Consent Motion to Transfer Venue to the Western District of Louisiana and Extend Time to Respond to Plaintiffs' Complaint is **GRANTED**. An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated:  October 8, 2021                    RUDOLPH CONTRERAS
                                           United States District Judge